# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7200 | **DATE** | 5/25/2011 |
| **CASE TITLE** | Jones vs. State of Illinois et al | | |

**DOCKET ENTRY TEXT**

Defendants' motion to dismiss Plaintiff's First Amended Complaint [24] is denied. Defendants must answer the First Amended Complaint on or before 6/13/11. Status hearing set for 7/28/11 is stricken and reset to 6/16/11 at 8:30 a.m.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

Plaintiff Leslie James Jones, Sr. ("Jones" or ("Plaintiff"), has filed suit against Defendants the Illinois Department of Human Services ("DHS") and the Illinois Department of Central Management Services ("DCMS" or "CMS"), alleging that his termination from DHS constituted a violation of the Age Discrimination in Employment Act of 1967 ("the ADEA"). (R. 13.) On April 22, 2011, Defendants filed a motion to dismiss, arguing that a prior settlement agreement between Plaintiff and DHS precludes the instant proceedings. (R. 24.) In the alternative, Defendants argue that the Court should dismiss Plaintiff's Complaint as to CMS because Plaintiff and CMS never had an employer-employee relationship as required by the ADEA and because Plaintiff failed to exhaust his administrative remedies by filing a charge as to DCMS with the Equal Employment Opportunity Commission ("EEOC"). (*Id.*) For the reasons explained below, the Court denies Defendants' motion to dismiss Plaintiff's First Amended Complaint ("the Complaint").

Continued...

| | Courtroom Deputy Initials: | KF |
|---|---|---|

## BACKGROUND

According to his Complaint, Plaintiff is a Chicago resident whom DHS employed from July 16, 2008, through February 22, 2010. (R. 13 at 2.) DHS is an Illinois agency that provides Illinois residents a variety of support services, including treatment for alcohol and drug abuse, emergency food and shelter, supplemental nutritional assistance, and support for community mental-health programs. (*Id.*) DCMS is also an Illinois agency, which provides services to other state agencies. (*Id.*) It provided personnel-managements services to DHS, which included services pertaining to DHS's hiring and subsequent firing of Plaintiff. (*Id.*)

Jones further alleges that he has attended and obtained credit toward a bachelor's degree from Indiana State University, Laney College, Merritt College, and Indiana University South Bend, and is merely three credit hours short of obtaining such a degree from Indiana University South Bend. (*Id.* at 3-4.) In 2007, Jones voluntarily resigned from his position with the Illinois Department of Children and Family Services when it emerged that his employment application erroneously provided that Indiana University South Bend had awarded him a baccalaureate degree. (*Id.*) DCMS advised him at the time that his resignation would preserve his eligibility for future employment by the State of Illinois. (*Id.*) In 2008, "DHS and/or DCMS" invited him to apply for a position with DHS.

Plaintiff alleges that he applied for the DHS position on May 25, 2008, accurately stating that his bachelor's degree from Indiana University South Bend was pending. (*Id.* at 4.) DHS subsequently hired him. During his ensuing employment, Jones performed well. (*Id.* at 5.) DHS promoted him and gave him a certificate of achievement. (*Id.*) Nevertheless, DHS terminated Plaintiff, then 53-years old, on February 22, 2010, on the purported ground that he had falsified his application for DHS employment.

According to the Complaint, Defendants' proffered reason for terminating Jones was a pretext for age discrimination. (*Id.* at 6.) Jones alleges that he observed a pattern of age bias throughout his employment with DHS, contending that people substantially younger than him most frequently obtained promotions, and that DHS was less frequently disciplined younger employees for their poor employment performance. (*Id.* at 5.) The Complaint contrasts Jones's situation with that of one of his former, and younger, coworkers, whom DHS hired at approximately the same time and who falsified his employment application by concealing a prior criminal conviction for a violent offense. Jones alleges that Defendants allowed this younger coworker to "correct" his application and to retain his employment.

On October 28, 2010, Jones filed a charge of discrimination with the EEOC, charging DHS with age discrimination in violation of the ADEA. On November 9, 2010, the EEOC notified Jones that he had a right to sue within 90 days. (R. 13-2 at 2.)

The Court received Plaintiff's *pro se* lawsuit on November 8, 2010. (R. 1.) The Court thereafter appointed counsel to represent Plaintiff. (R. 6.) He subsequently filed the Amended Complaint on January 21, 2011. (R. 13.) On April 22, 2011, Defendants filed the motion to dismiss that is presently before the Court. For the reasons explained below, the Court denies the motion.

## LEGAL STANDARD

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Pursuant to Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). As the Seventh Circuit recently explained, this "[r]ule reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep Relators out of court." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)). This short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Under federal notice-pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative

level." *Twombly*, 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009) (holding that the amount of factual allegations required to state a plausible claim for relief depends on the complexity of the legal theory). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Justice v. Town of Cicero*, 577 F.3d 768, 771 (7th Cir. 2009) (holding that the court construes complaints in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor).

In ruling on a motion to dismiss, "documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim." *McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006). The Court can consider them in ruling on a motion to dismiss without converting that motion into one for summary judgment. *See 188 L.L.C. v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002).

## ANALYSIS

I.  **The Court Cannot Determine at this Stage of the Litigation Whether the Settlement Agreement Between Plaintiff and DHS Bars this Lawsuit**

Defendants' principal argument is that Jones—through his union, the American Federation of State, County and Municipal Employees—entered into a resolution prior to arbitration ("settlement agreement") concerning a grievance Jones had filed against DHS following his discharge. (R. 25 at 4-5.) Defendants attach the grievance and settlement agreement to their motion. (R. 25-3; R. 25-4.) The latter provides, in relevant part, that:

> The Union and the grievant, Leslie Jones, agree to refrain from initiating any grievance, administrative or other judicial proceedings arising out of this discharge action or the circumstances that led to the filing of charges of discharge.

(R. 25-4 at 2.) Based on this document, Defendants argue that "Plaintiff knowingly and voluntarily entered into the Settlement Agreement through his Union representative and should not now be able to violate that agreement." (R. 25 at 5.) In making this argument, however, Defendants do not explain why this Court can consider extrinsic documentary evidence at this stage of the litigation. Indeed, a "district court is confined to the pleadings when considering a motion to dismiss." *See In re Wade*, 969 F.2d 241, 249 (7th Cir. 1992); *see also Thompson v. Ill. Dep't of Prof'l Reg.*, 300 F.3d 750, 754 (7th Cir. 2002) ("The district court properly considered this as a motion to dismiss by relying only on the pleadings and not considering any documents outside the pleadings.").

Furthermore, the Complaint does not refer to either the settlement agreement or the grievance that Jones filed against DHS. Accordingly, the Court cannot consider the documents relied upon by Defendants. *Cf., e.g., Hecker v. Deere & Co.*, 556 F.3d 575, 582 (7th Cir. 2009) (rejecting the argument that the district court erred in considering documents attached to a motion to dismiss because the "district court . . . found that these were all documents to which the Complaint had referred, that the documents were concededly authentic, and that they were central to the plaintiffs' claim").

In addition, Plaintiff challenges whether she entered the settlement agreement knowingly and voluntarily. This challenge raises an issue of fact inappropriate for resolution on a motion to dismiss.

## II. CMS's Argument that Plaintiff Cannot Bring an ADEA Claim Against It on Account of Its Not Being an Employer Fails

The ADEA provides that it shall be unlawful for an employer "to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age[.]" 29 U.S.C. § 623(a)(1). CMS argues that Jones's ADEA claim fails because CMS never employed Jones. (R. 25 at 5-7.) CMS also observes that Jones never applied to work with it. (*Id.* at 5.) It points out that the Complaint alleges that "Plaintiff was employed by DHS" and that "Plaintiff performed his DHS duties." (*Id.* at 6.)

Defendants further submit that "Plaintiff has made no attempt to argue that CMS was his actual employer, and readily acknowledged that he was employed by DHS." (R. 25 at 6.) The Complaint instead alleges that CMS is an employer for the purposes of the ADEA because "it is an agent of DHS and/or is an 'employment agency[.]'" (R. 13 at 2.) Defendants argue that this allegation fails to state a claim because "CMS does not procure any employees for DHS, and Plaintiff has not alleged that they [*sic*] do so." (R. 25 at 7.)

The Complaint, however, alleges that, "[a]t all times material to this lawsuit, DCMS provided personnel management services to DHS, including personnel services specifically relating to Plaintiff's hiring and terminations by DHS." (R. 13 at 2.) It also alleges that, in 2007, DCMS "advised Plaintiff that termination of his employment was under consideration," which led Plaintiff to resign his position with the Illinois Department of Children and Family Services. (*Id.* at 4.) The Complaint further provides that, in 2008, "DHS and/or DCMS" contacted Plaintiff and "invited him to apply for a DHS position." (*Id.*) In addition, Jones alleges that "DHS and/or DCMS" interviewed and subsequently hired him." (*Id.*) Finally, the Complaint states that Defendants terminated Plaintiff on February 22, 2010. (*Id.* at 6.)

Accepting these well-pleaded facts as true, Plaintiff has plausibly alleged that DCMS, as an agent of DHS, is an employer, as well as an employment agency, for the purposes of the ADEA. Subject to certain qualifications, that Act defines an "employer" as "a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year[.]" 29 U.S.C. § 630(b). An agent of such a person, as well as any agency or instrumentality of a State, also constitutes an "employer." *Id.* Separately, an "employment agency" means "any person regularly undertaking with or without compensation to procure employees for an employer and includes an agent of such a person[.]" *Id.* at § 630(c). In light of the factual allegations of the Complaint, Plaintiff has sufficiently alleged at this stage that DCMS constitutes an employer and an employment agency. As such, the Court denies this aspect of the motion.

## III. The Fact that Plaintiff Did Not Name CMS in his EEOC Charge Does Not Require the Court to Dismiss the Complaint as to CMS

Defendants' last argument is that Jones has failed to exhaust his administrative remedies with respect to his discrimination claims against DCMS. (R. 25 at 7-8.) Defendants, attaching a copy of the charge of discrimination that Jones filed with the EEOC,[1] observe that he only named DHS, and not CMS, as a respondent. (*Id.* at 7.) They observe that "a complainant must file a charge with the EEOC within 300 days of [an] allegedly discriminatory act." (*Id.* (quoting *Filipovic v. K & R Express Sys., Inc.*, 176 F.3d 390, 396 (7th Cir. 1999).) They also point out that a plaintiff cannot pursue a claim in court that he did not include in his charge to the EEOC,

---

[1] The copy of the EEOC charge is properly part of the pleadings because (1) Defendants attached it to their motion to dismiss, (2) it is central to Plaintiff's claim, and (3) the Complaint explicitly references the document. (R. 13 at 3.) The Court can therefore consider the document without converting the instant motion into a motion for summary judgment. *See Hecker*, 556 F.3d at 582.

unless the claim is "like or reasonably related" to the EEOC charge. (*Id.* at 8.) Defendants thus conclude that "Plaintiff's claims should be dismissed to the extent he did not include them in his EEOC charge." (*Id.*)

It is well established that a plaintiff must file a charge with the EEOC before filing a complaint alleging a violation of the ADEA in federal court. *See, e.g.*, *Spengler v. Worthington Cyclinders*, 615 F.3d 481, 489 (6th Cir. 2010); *Ajayi v. Aramark Bus. Serv., Inc.*, 336 F.3d 520, 527 (7th Cir. 2003). To determine whether Jones failed to exhaust his administrative remedy, courts typically apply the "expected scope of investigation test," which determines whether a plaintiff alleged sufficient facts in her EEOC complaint to put the EEOC on notice of the other claim. *Id.* As the Seventh Circuit has framed the inquiry, the question is "whether the charge that was timely filed was sufficiently broad to include the claims the plaintiff later raises in court." *Ajayi v. Aramark Bus. Servs., Inc.*, 336 F.3d 520, 527 (7th Cir. 2003). To answer that question, the Seventh Circuit asks: "what EEOC investigation could reasonably be expected to grow from the original complaint?" *Id.* (quoting *Novitsky v. Am. Consulting Eng'rs, L.L.C.*, 196 F.3d 699, 701 (7th Cir. 1999)). Where, as here, a *pro se* complainant filed the relevant EEOC complaint, courts construe those complaints liberally, "so that courts may also consider claims that are reasonably related to or grow out of the factual allegations in the EEOC charge." *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 362 (6th Cir. 2010); *see also Miller v. Am. Airlines, Inc.*, 525 F.3d 520, 525-26 (7th Cir. 2008) ("Generally, we apply a liberal standard in determining if new claims are reasonably related to those claims mentioned in the EEOC charge.").

In the present case, Jones, proceeding *pro se*, filed a charge of discrimination with the EEOC to the effect that "I began my employment with Respondent on or about July 16, 2008. My most recent position was Case Worker. I was discharged on February 22, 2010, whereas a younger employee who falsified his application was not discharged. I believe I was discriminated against because of my age, 53 (DOB: February 7, 1957), in violation of the Age Discrimination in Employment Act of 1967, as amended." (R. 25-2 at 4.)

Accepting the well-pleaded facts in the Complaint as true, which allege that DCMS was involved in the hiring and termination of Plaintiff, it follows that one could reasonably expect that the EEOC investigation would grow to encapsulate DCMS. The fact that Jones proceeded on a *pro se* basis before the EEOC bolsters this conclusion. Furthermore, and as Plaintiff observes, "DCMS does not deny actual and timely knowledge of Plaintiff's EEOC charge." (R. 26 at 12 (emphasis omitted).) Thus, although Jones did not name DCMS as a respondent in the EEOC charge, he did not fail to exhaust his administrative remedies. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1089 (7th Cir. 2008) ("Ordinarily, a party not named as the respondent in an EEOC charge may not be sued . . . . The purpose of requiring the complaint to match the EEOC charge is to 'give the employer some warning of the conduct about which the employee is aggrieved and afford the EEOC and the employer an opportunity to attempt conciliation without resort to the courts.' Therefore, we have recognized an exception to the rule 'where an unnamed party has been provided with adequate notice of the charger, under circumstances where the party has been given the opportunity to participate in conciliation proceedings.'") (citations omitted).

## CONCLUSION

For the preceding reasons, the Court denies Defendants' motion to dismiss.